UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

FLORA E. KEY )
 )
v. ) NO. 3:05-CV-98
 )
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

## MEMORANDUM OPINION

The plaintiff Flora E. Key has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits and supplemental security income under the Social Security Act. The defendant has also filed a motion for summary judgment.

Ms. Key was born in 1958 and was 45 years old at the time of her administrative hearing. [Tr. 557, 558]. She completed college and has relevant past work experience as a picture framer, sales clerk, hotel reservationist, and worker at Dollywood. [Tr. 18]. Ms. Key alleges she is disabled as of January 7, 2000, from fibromyalgia, depression, and interstitial cystitis [IC]. [*Id.*]. Based upon a finding that her severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Ms. Key was not disabled as defined by the Social Security Act. [Tr. 19

].

At Ms. Key's administrative hearing held on September 16, 2003, the testimony of Ms. Key and vocational expert Dr. J.D. Flynn was received into evidence. [Tr. 557-81]. Ms. Key testified that except for some home craft work she does, she has not worked since January 2000. [Tr. 558]. Her previous work included picture framing at a framing shop as well as a sales clerk in a needlepoint shop and a dress shop. [Tr. 559]. She also worked for a while at Dollywood. [*Id*.]. According to Ms. Key, she is unable to work now because of pelvic pain, lower back pain, joint pain, bladder problems, and hand spasms. [Tr. 560, 562]. She attends mental health counseling every month to two months. [Tr. 564].

Vocational expert Dr. J.D. Flynn testified next and characterized Ms. Key's past relevant work as a picture framer as light and skilled; her work as a sales clerk as light, semi-skilled; and her work at Dollywood as light and unskilled and light and semi-skilled. [Tr. 578].

The ALJ ruled that Ms. Key was not disabled because her severe impairments of fibromyalgia, IC, and depression were not severe enough to warrant a finding of disability. [Tr. 19]. The ALJ then found Ms. Key retained the residual functional capacity [RFC] to perform light work. [Tr. 24]. With those limitations, Ms. Key could return to her past relevant work as a sales clerk. [Tr. 23-24].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Key requests summary judgment and challenges the ALJ's failure to find her hand impairment and urinary problems (IC) were severe impairments. According to Ms. Key, she injured her right hand sometime in the 1970s. [Tr. 315]. Consulting physician Dr. Jeffrey Summers found in March 2002 that Ms. Key had a "mild decrease in grip strength and mild impairment in manual dexterity." [*Id.*]. Despite her hand injury, Ms. Key was able to work for more than 20 years after the injury and continued to engage in needlework as a hobby, even as recently as September 2003. [Tr. 558]. Given Dr. Summers' findings, Ms. Key's work history, and her hobbies, the ALJ's decision that her hand injury was not a severe impairment was made with

3

substantial evidence.

Ms. Key also suffers from IC, which has been described in Social Security Ruling 02-2p as "a complex, chronic bladder disorder characterized by urinary frequency, urinary urgency, and pelvic pain." Ms. Key's contention that the ALJ did not consider her IC to be a severe impairment is completely erroneous. The ALJ did just that when he found that her IC was "considered 'severe'" based on the Social Security regulations. [Tr. 25].

Ms. Key also claims the ALJ erred in finding she had the RFC to perform light work. In reaching this decision, the ALJ noted that none of Ms. Key's treating physicians or consultative physicians indicated she was disabled. [Tr. 24]. The ALJ also commented that Ms. Key had failed to follow some suggested treatments and might have been drug-seeking with some of her allegations. [*Id.*]. In January 2001, Dr. James N. Moore examined Ms. Key in connection with her application for benefits. [Tr. 263-70]. He found Ms. Key could occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, and stand/sit/walk for six hours out of an eight-hour workday. [Tr. 264]. These findings are consistent with light work. *See* 20 C.F. R. § 416.910 (c). And, in May 2002, Dr. Frederic E. Cowden found that Ms. Key could perform in the exact same manner as Dr. Moore found. [Tr. 362]. Based on the above evidence, the ALJ's determination that Ms. Key retained the RFC for light work

4

was made with substantial evidence.

After careful consideration of the entire record of proceedings related to this case, Ms. Key's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE

5

Case 3:05-cv-00098   Document 17   Filed 01/10/06   Page 5 of 5   PageID #: 6